ERNEST K. Wilkerson
    Plaiff
      VS.
                         Civil No: 96·4920(JBS)

Steve Hallett   **RECEIVED**   July 31, 2009
  Defendant    **AUG 0 5 2009**
       JEROME B. SIMANDLE   (NON·JURY)
       U.S. DISTRICT JUDGE

               Re: Joint Final Pretrial Order

Dear Judge Jerome B. Simandle

Enclosed Please Find A Copy Of The Joint Final
Pretrial Order Instructed By The Court From
The Plaiff Ernest K. Wilkerson Pro Se. Withe
Exhibits. I Have Sent A Copy To The
Defendant Steve Hallett Like I Was
Instructed. And A Copy To Judge Ann
Marie Donio Also. Thank You For Your Time
In This Matter!
CC: Judge Ann Marie Donio
     Steve Hallett

                       Ernest K. Wilkerson Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE Jerome B. Simandle

Ernest K. Wilkerson
Plaintiff

31 July 2009

vs.

Steve Hallet
Defendant

(NON- JURY)
Civil No.96-4920-JBS-AMD

## JOINT FINAL PRETRIAL ORDER

The following shall constitute the Final Pretrial Order pursuant to Rule 16, Federal Rules of Civil Procedure. This Final Order shall Govern the conduct of the trial of this case.  Amendments to this order will be allowed only in exceptional circumstances to prevent manifest injustice.  See Fed. R. Civ. P.  16(e). Counsel are urged to move to amend in a timely fashion any portion of the Order that must chauged or modified between the filing of the Order and the trial date.

APPEARANCES:

Ernest Wilkerson, Plaintiff, pro se

Steve Hallett, Esq. Defendant

PART I   JURISDICTION and BRIEF SUMMARY OF THE CASE
Counsel shall specifically set fourth the jurisdictional basis of the action as well

a brief summary of the claims and defenses

PART II   STIPULATED FACTS

Stipulated facts shall be set fourth in numbered paragraphs

**PART III     PLAINTIFFS CONTESTED FACTS**

1. Plaintiff intends to prove the following contested facts with     regard to liability.

2. Plaintiff intends to prove the following contested facts with regard to damages.

**STIPULATED FACTS AND CONTESTED FACTS**

(1) On August 4, 1986, Ernest Wilkerson purchased a Chevrolet Corvette Convertible
(V.I.N. 1G1YY6787G5907246) for at least $ 31,000

(2) Wilkerson was incarcerated in 1994 and released on July 26, 2008. Upon, his incarceration, Wilkerson asked his girlfriend, Rashida Brown, to hold his car for him for the duration of his imprisonment. (Pl.Br. at 2.)

(3) On August 14, 1994, Brown took the title to the car by forging alterations to the certificate of title papers to reflect the sale from Wilkerson to herself for $1000. Wilkerson never agreed to the sale nor received any money from the forged sale.

(4) On August 18, 1994, Brown rented a space at the storage facility in order to store the allegedly stolen car. Plaintiff alleges that Mr. Irvin B. Pierce, Assistant Manger for Public Storage, told him in a phone conversation that Brown needed a Power Of Attorney (POA) in order to store the car in the facility.

(5) Brown sought a POA, and approached defendant Steve Hallet for assistance. On September 26, 1994, Steve Hallett, Esq. prepared a POA for Brown, Witnessed by Hallet's secretary. Marion Jefferson.

(See Exhibit 1)

(6) A reasonable inference can be made that signature of Ernest Wilkerson that appears on the POA is forged, since Wilkerson was in jail at the time the POA was created and Hallett did not go to the prison to witness Wilkerson signing the POA.

(7) Brown evidently used the POA in two distinct ways. First , she used a copy of the POA ,  to enable her to store the car , as is indicated by storage facility's stamp on its copy of the POA .which suggests the storage facility received the POA on September 29, 1994 . Second, Brown used the POA on September 29, 1994 in order to withdraw $ 681.22 from Wilkerson's bank account. The withdraw was made against Wilkerson's wishes and without his permission.

(8) On October 30, 1994, Brown transferred the ownership of the car to her mother, Virginia Council.

(9) On February 26, 1995   Council sold the car to Northeast Auto Imports for $ 5000. After Council presented all the legally required documents ( including  the Certificate of Title in Council's name , a valid Vehicle Registration Card in her name , her New Jersey driver's license , and her insurance card)

(10)Plaintiff filed the Complaint On October 21,1996, in which he named as defendants the following entitles : Rashida Bron , Virginia Council , Steve Hallett,Esq. Rodnet Thompson ,Esq. Marion Jefferson ,Sec.Pubilc Storage , Inc. Joe Duddy ,Irvin B. Pierce ,Northeast Auto Imports ,Inc. and Randy Lebowitz . The Complaint alleges that each of these defendants had a role in the theft of the plaintiff's car and that some of the defendants (Brown, Hallett, Thompson, and Jefferson) were also involved in the theft of his money.

(11) On January 14, 1998, plaintiff voluntarily dismissed defendants Public Storage, Inc. Irvin B. Pierce and Joe Duddy, and this court entered an Order dismissing the Complaint with prejudice as to say defendants.

(12) On 8th of July 2009. An Order was entered denying the Defendants motion for summary judgments.

## PART IV WITNESSES and SUMMARY OF TESTIMONY

1. Defendant intends to prove the following contested facts with regard to liability

2. Defendant intends to prove the following contested facts with regard to damages;

## PART V   WITNESSES AND SUMMARY OF TESTIMONY

Only the witnesses whose names and addresses are listed herein will be permitted to testify at the time of trial. For each witness listed, there must a description of their testimony. Any objection to a witness must be noted by opposing counsel and for each such witness objected to, the name of the witness and the reason for the reason for the objection shall be given.

A. Plaintiff's Witnesses and Summary Of Their Summary

1. Plaintiffs intends to call the following witnesses with regard to liability and anticipates they will testify as follows:

ERNEST WILKERSON

2. Plaintiffs intends to call the following witnesses with regard to damages and anticipates they will testify as follows:

ERNEST WILKERSON

B. Defendants Objections to Plaintiffs Witnesses: If there are no objections to any of the witnesses, defendant shall so state that in this portion of the Order. Any objections to any plaintiffs witnesses, they shall be listed here.

C. Defendants Witnesses and Summary of their Testimony

1. Defendant intends to call the following witnesses with regard to liability and anticipates they will testify as follows:

2. Defendant intends to call the following witnesses with regard to damages and anticipates they will testify ad follows:

D. Plaintiffs Objections To Defendants Witnesses: If there any no objections to any of the witnesses, plaintiff shall so state that in this portion of the Order. If there are objections to any of defendant's witnesses, shall be listed here.

PART VI   Expert Witnesses

Any prior scheduling of the court concerning experts is applicable to this action and the directives of the Scheduling Order shall govern expert testimony in this case. Any expert not listed in this portion of the Final Pretrial Order shall not be permitted to testify at the time of trial. Additionally, the curriculum vitae of every expert expected to testify at the time of trial shall be attached to this final Pretrial Order. The curriculum vitae or summary of the experts qualifications may be read into the record at the time the expert takes the stand  and no opposing counsel shall be permitted to question the qualifications of the expert unless the basis of the objection is set fourth in his Final Pretrial Order . No expert will be permitted to testify at trial unless all opposing counsel has received the curriculum vitae of the expert and the information required by Fed. R.Civ.P. 26(a) (2) as directed in the Scheduling Order.

If any hypothetical questions are to be out to an expert witness on direct examination, they shall be written in advance and submitted to the court and counsel prior to commencement of trial.

1. Plaintiff expert witnesses are  :

2. Defendants objection to the qualification of plaintiffs expert witnesses are : ( The objections shall be referenced to the name of each listed expert )

3. Defendants expert witnesses are :

4. Plaintiffs objection to the qualification of plaintiff expert witnesses are :

(The objections shall be referenced to the name of each listed expert.)

5. NONE ON BEHALF OF PLAINTIFF

## PART VII   EXHIBITS

In this section of the Final Pretrial Order, counsel should number each proposed exhibit and upon receipt of the exhibit list of an adversary, opposing counsel should prepare a response to this exhibit list indicating as to each exhibit whether there will be objection and if there is, the nature of the objection, Absent an extraordinary showing of good cause , ONLY EXHIBITS LISTED BELOW SHALL BE INTRODUCED AT THE TIME OF TRIAL . You are not required to list exhibits that will be used, if at all, only for impeachment purposes.

Counsel are reminded that each such exhibits shall be physically pre – marked corresponding to the designation below. Copies of exhibit lists shall be provided to the DISTRICT JUDGE and assigned court reporter at the time of trial.

A.  Plaintiffs Exhibits

1. Plaintiff intends to introduce the following exhibits into evidence (list by number with a description of each exhibit )   Ex.1 –Power Of Attorney
   Ex .2- Bank Statements, Ex. 3- purchase receipt for car

2. Plaintiff intends objects to the introduction of plaintiffs exhibits (set fourth number of exhibit and grounds for objection).  Ex .2- Bank Statements

B. Defendants   Exhibits

1. Defendant intends to introduce the following exhibits into evidence (list by number with a description of each exhibit) ;

2.  Plaintiff  objects to the introduction of plaintiffs exhibits (set fourth number of exhibit and grounds for objection )

## PART VIII  LAW

B.   Plaintiff statement of the legal issues in this case:

1. The Defendants participated in the forgery of my signature on the POA, hereby allowing Rashida Brown to withdraw funds from my bank account without my permission and sell my automobile.

C.   Defendants

2. Statement of the issues in this case.

**PART IX.**   **MISCELLANEOUS**

Set forth any additional stipulations of counsel and/or motions on other matters which require action of the court.

Set forth any notice required to be given under Rules 404(b), 609(b), 803(24) and 804(b)(5), Federal Rules of Evidence.

**PART X.**   **NON-JURY TRIALS (If Applicable)**

No later than seven days prior to the scheduled trial date, counsel for each party shall submit to the District Judge, with a copy to opposing counsel, proposed findings of fact and conclusions of law. There is reserved to counsel the right to submit additional requests during the course of the trial on those matters that cannot reasonably be anticipated.

**PART XI.**   **JURY TRIALS (If Applicable)**

No later than seven days prior to the scheduled trial date or at such time as the court may direct:

1.  Each party shall submit to the District Judge and to opposing counsel a trial brief or memorandum with citations and authorities and arguments in support of the party's position on all issues of law.

2.  Each party shall submit to the District Judge and to opposing counsel written requests for charges to the jury. Supplemental requests to charge that could not have been anticipated may be submitted any time prior to the arguments to the jury. All requests for charge shall be on a separate page or pages plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting the same; and shall be numbered in sequence.

    IF you have the capability, the Proposed Requests for Charge should be submitted on computer disk, Word Perfect format. A paper original for filing, as well as a paper copy, must be provided in any event.

3.  Each party shall submit to the judge and to opposing counsel proposed voir dire questions.

EACH OF THESE ITEMS IS TO BE FILED PRIOR TO THE
FIRST TRIAL DATE EVEN IF THE CASE IS CONTINUED.

COUNSEL ARE ON NOTICE THAT FAILURE TO
PROVIDE TIMELY COMPLIANCE WITH THE
REQUESTS OF PART X AND PART XI MAY RESULT IN
THE POSTPONEMENT OF TRIAL AND THE
ASSESSMENT OF JUROR AND OTHER COSTS AND/OR
THE IMPOSITION OF SANCTIONS.

## CONCLUDING CERIFICATION

We hereby certify by the affixing of our signature to this Final
Pretrial Order that if reflects the efforts of all counsel and that we
have carefully reviewed all parts of this Order prior to its submission
to the court . Further, it is acknowledged that amendments to this
Joint Final Pretrial Order will not be permitted except where the
court determines that manifest would result if the amendment is not
allowed.


**Attorney(s) for plaintiff**          **Attorney(s) for Defendant(s)**

Ernest Wilkerson   Pro Se            _____

*Ernest K. Wilkerson*                _____

*7 - 31 - 09*                        _____


Entry for the forgoing Joint Pretrial Order is hereby APPROVED
_____ THIS DAY _____2009


                                    HONORABLE:
                                    Judge Ann Marie Donio
                                    UNITED STATES MAGISTRATE
                                    JUDGE
                                    Judge States District Court
                                    For the District of New Jersey

CC. To Judge Jerome B.Simandle
CC. To Judge Anne Marie Donio
CC. Steve Hallet

Exhibits

Exhibit

1

## POWER OF ATTORNEY

This Power of Attorney is made on the 26th day of September , 1994.

BETWEEN:  the Principal, ERNEST K. WILKERSON , whose address is 230 EUCLID AVE., TRENTON, NEW JERSEY  08609 individually referred to as "I" or "My",

AND:  the Agent , RASHIDA J. BROWN whose address is 509 FARRAGUT AVE., TRENTON, NEW JERSEY  08618 referred to as "You".

GRANT OF AUTHORITY.  I appoint You to act as my Agent (called an attorney in fact) to do each and every act which I could personally do for the following uses and purposes:

To ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, accounts, legacies, bequests, interests, dividends, annuities and demands whatsoever as are now, or shall hereafter become due, owing or payable or belonging to me, and have, use and take all lawful ways and means in my name or otherwise for the recovery thereof, by attachments, arrests, distress or otherwise, and to compromise and agree for the same, and acquittances, or other sufficient discharges for the same, for me, and in my name to make, seal and deliver; to bargain, contract, agree for, purchase, receive, and take lands, tenements and hereditaments and accept the seizing and possession of all lands and all deeds or other assurances, in the law therefor, and to lease, let, demise, bargain, sell remise, release, convey, mortgage and hypothecate lands, tenements and hereditaments, upon such terms and conditions, and under such covenants as he shall see fit. Also, to bargain and agree for, buy, sell, mortgage, hypothecate and in any and every way and manner deal in and with goods, wares, merchandise, chooses in action and other property in possession or in action, and to make, do, and transact all and every kind of business of what nature or kind soever, and also for me and in my name, and as my act and deed, to sign, seal, execute, deliver and acknowledge such deeds, leases and assignments of leases, covenants, indentures, agreements, mortgages, hypothecations, bottemries, charter-parties, bills of lading, bails, business bank withdrawals, personal bank withdrawals,  bills, bonds, notes, receipts, evidences of debts, releases and satisfaction of mortgage, judgments and other debts, and such other instruments as may be necessary or proper as regarding my affairs.

Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done regarding my affairs, as fully to all intents and purposes as we might or could do if personally present, with full power of substitution or revocation, hereby ratifying and confirming all that my said attorney, or his substitute or substitutes, shall lawfully do or cause to be done by virtue of these presents.

SEP 2 8 1994

Exhibit D

WITNESS MY HAND this 26th day of September, 1994.

Ernest K Wilkerson
ERNEST K. WILKERSON

9/26/94 _____ WITNESSED BY: _____
Date

## DISABILITY

This Power of Attorney is effective now and remains in effect if I become disabled pursuant to N.J.S. 46:2b-8b.

Ernest K Wilkerson
ERNEST K. WILKERSON

9/26/94 _____
Date

Witness

STATE OF NEW JERSEY        :
                           : SS
COUNTY OF MERCER           :

I CERTIFY that on Sept. 26 , 1994,

ERNEST K. WILKERSON personally came before me and acknowledged under oath, to my satisfaction, that this person( or if more than one, each person):

      (a) is named in and personally signed this document; and
      (b) signed, sealed and delivered this document as his and her act and deed.

Steve Hallett, Esq.
STEVE HALLETT, ESQUIRE
ATTORNEY AT LAW
Suite 1
539 West State Street
Trenton, New Jersey 08618

SEP 2 8 1994

CITY OF TRENTON     EMPLOYEES CREDIT UNION

CHECK NO.

20073

*Exhibit 2*

PAYEE: RASHIDA J. BROWN
DATE:  09/29/94
CHECK AMOUNT:     681.22
ACCOUNT: 1685   WILKERSON, ERNEST KEITH

— CLOSE ACCT- POWER OF ATTY ON FILE —



**CITY OF TRENTON**
EMPLOYEES CREDIT UNION
319 EAST STATE STREET
TRENTON, NJ 08608

**CORESTATES**
NEW JERSEY NATIONAL BANK  01
55-73/312

20

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 09/29/94 | 20073 | *****681.22 |

SIX HUNDRED EIGHTY-ONE DOLLARS AND 22 CENTS***

PAY
TO THE
ORDER OF   RASHIDA J. BROWN

AUTHORIZED SIGNATURE(S)

⑈0 20073⑈ ⑈:031200730⑈ 0113165⑈⑈



Virginia Cress
3185143189

1 6 9 4  4  3 1

NORTHEAST AUTO IMPORTS, INC.
290 West Skippack Road
FRANCONVILLE, PA 19467

No. 002906

PAY TO THE ORDER OF

Two Hundred dollars

Virginia W. Gorod

$ 3000-

NORTHEAST AUTO IMPORTS, INC.

NON-NEGOTIABLE

AUTHORIZED REPRESENTATIVE

DETACH BEFORE DEPOSITING

NORTHEAST AUTO IMPORTS, INC. — FRANCONVILLE, PA 19467

1986 Chevy Corvette
# 107346

1560

DETACHED CHECK IS PAYMENT IN FULL OF ACCOUNT SHOWN ABOVE. IF INCORRECT RETURN WITHOUT ALTERATIONS.

ART400S1
TITLE INFORMATION REQUEST/DISPLAY
TITLE INFORMATION                                      DATE: 03/10/98

VIN: 1G1YY 6787G 59072 46                 VIN PREFIX:                    VIN SUFFIX:
VEHICLE TYPE.    CON                       GVW/PASS/LENGTH:    00007
      YEAR:      86                        AXLES/BOAT PROPUL:  2
      MAKE:      CHE                       COLOR/BOAT MATERIAL: RD
      MODEL:     COR                       FLOOD VEHICLE (Y,N): N
      FUEL:      0                         POLICE/TAXI (P,T,B):
      STATUS:                              VIN REPLACEMENT NO:
      LEMON:
TITLE ISSUE DATE:     11 21 86            TITLE TYPE:              STANDARD
   MILEAGE:           000163              MILEAGE STATUS:      A  ACTUAL MILEAGE
   NO OF DUPLICATES:  00                  NO OF OWNERS:        1
   NO OF LIENHOLDRS:  1                   INITIAL TRAN REF NO: QP8632500000102
STOP CODE: 0                              PLATE NO:               BKT54G
LEASED VEHICLE:  N

Exhibit 3

---------------------------------------------------------------------------
PF2-HARDCOPY
PF6-SALE INFO                    PF3-END
               PF9-LEASE INFO           PF11-CANCEL              PF5-OWNERS/LIENS
                                                                 PF12-MAIN MENU

ART400S2
                    TITLE INFORMATION REQUEST/DISPLAY         DATE: 03/10/98
                         OWNER/LIENHOLDER INFORMATION              PAGE: 1
VIN: 1G1YY 6787G 59072 46                 VIN PREFIX:              VIN SUFFIX:
RELATION: 0       ADD DATE: 11 21 86      SFD DT:
AUTOPIC:  W4342 23472 08642               NAME:   ERNEST  K WILKERSON
STREET:   230 EUCLID AVE                  CITY:   TRENTON          STATE: NJ
RELATION: L       ADD DATE: 11 21 86      SFD DT  12 10 92
AUTOPIC:  40000 00000 79361               NAME:   CHAC              
STREET:   PO BOX 1994                     CITY:   HANOVER          STATE: NJ
RELATION:         ADD DATE:               SFD DT:
AUTOPIC:                                  NAME:
STREET:                                   CITY:                    STATE:
(RELATIONS: O-OWNER, C-CO-OWNER, L-LIENHOLDER, S-SUB LIENHOLDER)

---------------------------------------------------------------------------
PF2-HARDCOPY        PF3-END         PF4-TITLE INFO
PF6-SALE INFO  PF9-LEASE INFO  PF11-CANCEL                   PF5-MORE OWNERS/LIENS
                                                             PF12-MAIN MENU

ART400S3
                    TITLE INFORMATION REQUEST/DISPLAY         DATE: 03/10/98
                         SALE INFORMATION
VIN: 1G1YY 6787G 59072 46                 VIN PREFIX:           VIN SUFFIX:
TYPE OF SALE: D          DEALER SALE
DATE OF SALE:           11 21 86
DEALER ID NUMBER:       044060
SALES TAX EXEMPTION CD: 0
GROSS SALES PRICE:         31120.00
NET SALES PRICE:           31120.00
SALES TAX PAID:             1867.20

---------------------------------------------------------------------------
PF2-HARDCOPY
PF5-OWNERS/LIENS                 PF3-END
                                 PF11-CANCEL            PF4-TITLE INFO
                                                        PF12-MAIN MENU

Ernest K. Wilkerson
Reg#11946-050  Unit 2-B
FCI Schuylkill
P.O. Box 759
Minersville, PA. 17954-0759

Hon. Jerome B. Simandle
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
Fourth And Cooper Street
Camden, New Jersey  08101

                    In RE: Wilkerson v. Rashida Brown, et. al.
                           Civil No. 96-4920 (JBS)
                                 May 11, 1998

Dear Hon. Judge Simandle:

     Please be advised that on September 23, 1997 there was a telephone conference conducted by the Honorable Judge Kugler and the defendants in this civil action and myself the plaintiff.  In addition, the Honorable Kugler requested the plaintiff to fact-find some proof of how much the plaintiff paid for his 1986 Cheverolet Convertible Corvette.

     Although, the plaintiff try to contact the dealership where he purchased the said vehicle above from Tombin Cheverolet; located in Trenton, New Jersey. However, they are know longer in business.  Indeed, the plaintiff also try to contact GMAC Finance Department who finance the vehicle for the plaintiff.

     Unfortunately, they are unable to provide plaintiff with a copy of the contracts pertaining to this matter. [see exhibit "A"].

     Moreover, the plaintiff tryed the motor vehicle services and requested a lien search.  Because the plaintiff was advised that he could ascertain the vehicle's value by the amount of excise and/or sales taxes paid on it.

     On the basis of this letter and your Honorable Judge Simandle the plaintiff just recently received that information that the Honorable Judge Kugler requested from the plaintiff.  And the true value that the plaintiff paid for his 1986 Cheverolet Convertible Corvette, hence it is high lighted in yellow. Please examine exhibit "B1" and "B2" attach.  Plaintiff would like to add these as new exhibit for the civil case.

     Finally, in "exhibit B2" the plaintiff asserts that he presented $9,800.00 down on his corvette to compel the gross sales price of $31,120.00, the plaintiff submits that his payments was $685.00 x 60 months with a 16% annual percentage rate, consistent of the total amount finance was $41,100.00.  In fact, the plaintiff purchased the vehicle for $50,900.00

     In conclusion, the plaintiff thank you for your consideration and patience of the above matter.

NAME _Daniel Norris_  TITLE _Case Manager_          Very truly yours,
AUTHORIZED BY THE ACT OF JULY 7, 1955 TO            Ernest Keth Wilkerson
ADMINISTER OATHS (18 USC 4004).                     Ernest K. Wilkerson

A

# GENERAL MOTORS ACCEPTANCE CORPORATION

P.O. Box 971 Horsham PA 19044

1-800-200-4622

BRANCHES THROUGHOUT
THE WORLD

EXECUTIVE OFFICES
DETROIT

May 1, 1998

Mr. Ernest Keith Wilkerson
P. O. Box 759
Reg #11946-05- Unit 2-B
Minersville, Pa. 17954-0759

RE: 1986 Chevrolet

Dear Mr. Wilkerson:

We are unable to provide you with the information requested, as we are only required to retain paid-in-full documents for three years.

Sincerely,

Credit Administrator

LETTRHAB

B1

  

CO- N⁰

### DEPARTMENT OF TRANSPORTATION
### DIVISION OF MOTOR VEHICLES

TO WHOM IT MAY CONCERN:

I, C. Richard Kamin, Director of the Division of Motor Vehicles of the State of New Jersey, do hereby certify that the annexed is a true abstract of the ownership records of the Division of Motor Vehicles for the vehicle indicated.

1986 CHEV 1G1YY6787G5907246



IN TESTIMONY WHEREOF: I have hereunto set my hand and affixed my official seal at Trenton this 10th day of March 1998.



C. Richard Kamin
DIRECTOR OF MOTOR VEHICLES

BY:

Robert Damiani, Manager
Information & Systems Management



U.S. POSTAGE
**$1.56**

From: Mr. Ernest Wilkerson
1307 Scenic Dr.
Ewing, New Jersey 08628

To: Judge Jerome B. Simandle
United States District Court
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101