IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE JEROME B. SIMANDLE

ERNEST KEITH WILKERSON,          :
       Plaintiff,              :
                                  Civil No. 96-4920 (JBS/AMD)
  v.                               :

STEVE HALLETT, ESQUIRE,          :
       Defendant.              :


**FINAL PRETRIAL ORDER**

    The following Final Pretrial Order is entered based upon the memoranda submitted by the parties and the final pretrial conference held on October 1, 2009. This document shall constitute the Final Pretrial Order pursuant to Rule 16 of the Federal Rules of Civil Procedure and this Order shall govern the conduct of the trial of this case. **Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice.** See FED. R. CIV. P. 16(e).

APPEARANCES:

For Plaintiff:              Ernest Keith Wilkerson, *Pro Se*

For Defendant:            Steve Hallett, Esq., *Pro Se*


1.   NATURE OF THE ACTION AND JURISDICTION OF THE COURT:

    This is an action brought by Plaintiff *Pro Se*, Ernest Keith Wilkerson, in which Plaintiff generally contends that Defendant, Steve Hallet, Esq., participated in the alleged forgery of Plaintiff's signature on a power of attorney, which thereby purportedly allowed a third party, Rashida Brown, to withdraw funds from Plaintiff's bank account and sell Plaintiff's automobile without permission. Defendant asserts that Plaintiff requested that Defendant prepare a power of attorney so that Ms. Brown could handle Plaintiff's affairs and that Plaintiff's signature on the power of attorney was not forged.

Jurisdiction is allegedly conferred upon this Court by 28 U.S.C. § 1332. (See Opinion [Doc. No. 141] 1, July 8, 2009.)[1]

2. FACTUAL CONTENTIONS OF PLAINTIFF:

The proposed Joint Final Pretrial Order of Plaintiff has been filed as Document Number 144 on the docket, with additional exhibits filed as Document Number 148.[2]

Plaintiff intends to prove the following contested "facts" at trial:

    A.    Plaintiff paid at least $31,000 for the purchase of a Chevrolet Corvette Convertible.

    B.    On August 14, 1994, Rashida Brown took the title to the car by forging alterations to the certificate of title papers to reflect the sale from Plaintiff to Ms. Brown for $1,000. Plaintiff never agreed to the sale nor received any money from the sale.

    C.    Ms. Brown sought a Power of Attorney, and approached Defendant for assistance. On September 26, 1994, Defendant prepared a Power of Attorney for Ms. Brown, witnessed by Defendant's secretary, Marion Jefferson.

    D.    A reasonable inference can be made that the signature of Plaintiff that appears on the Power of Attorney is forged, since Plaintiff was in jail at the time the Power

---

1.    The complaint indicates that jurisdiction is asserted pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. (Compl. [Doc. No. 1] 3.) However, the complaint does not assert a violation of Plaintiff's constitutional rights by a federal officer.

2.    The exhibits filed as Document Number 148 are filed under seal pursuant to a Temporary Order to Seal dated November 20, 2009. Plaintiff submitted to chambers a motion to seal such documents, and Defendant submitted to chambers opposition to the motion to seal. The Court will direct the motion to seal and opposition thereto to be filed on the docket.

2

        of Attorney was created and Defendant did not go to the prison to witness Plaintiff signing the Power of Attorney.

- E. Ms. Brown used the Power of Attorney in two distinct ways. First, she used a copy of the Power of Attorney to enable her to store the car, as is indicated by the storage facility's stamp on its copy of the Power of Attorney, which suggests the storage facility received the Power of Attorney on September 29, 1994. Second, Ms. Brown used the Power of Attorney on September 29, 1994 in order to withdraw $681.22 from Plaintiff's bank account. The withdrawal was made against Plaintiff's wishes and without his permission.

- F. On October 30, 1994, Ms. Brown transferred the ownership of the car to her mother, Virginia Council.

- G. Upon selling the car to Northeast Auto Imports, Ms. Council presented all the legally required documents (including the Certificate of Title in Ms. Council's name, a valid Vehicle Registration Card in her name, her New Jersey driver's license, and her insurance card).

- H. On January 14, 1998, Plaintiff voluntarily dismissed Defendants Public Storage, Inc., Irvin B. Pierce and Joe Duddy, and the Court entered an Order dismissing the complaint with prejudice as to these defendants.

3. <u>FACTUAL CONTENTIONS OF DEFENDANT</u>:

    Defendant's proposed Joint Final Pretrial Order was submitted to chambers, and the Court will direct that the submission be filed on the docket.

    Defendant intends to prove the following contested "facts" at trial:

- A. Plaintiff requested that Defendant go to the jail to witness Plaintiff signing the Power of Attorney, allowing his girlfriend to exercise Full Power of Attorney.

    B.    The Power of Attorney was requested on the behalf of Plaintiff to his girlfriend, Ms. Brown, of whom Defendant did not know.

    C.    Powers of Attorney are executed in the jails of New Jersey often by attorneys who witness the Power of Attorney signatures.

    D.    There was a full Power of Attorney by Plaintiff to his girlfriend.

    E.    There was a legal Power of Attorney requested by Plaintiff. Plaintiff requested a full Power of Attorney be given to Rashida Brown.

    F.    There were no exact damages or values placed on the vehicle by any expert or car dealers which would support Plaintiff's claim that his car was worth $31,000. The supporting documentation by Plaintiff shows that the car was sold for a lesser amount.

4.    ADMISSIONS AND STIPULATIONS:

Plaintiff and Defendant do not provide any admissions. Defendant does not contest the following facts presented by Plaintiff:

    A.    On August 4, 1986, Plaintiff purchased a Chevrolet Corvette Convertible (V.I.N. 1G1YY6787G5907246).

    B.    Plaintiff was incarcerated in 1994 and released on July 26, 2008. Upon his incarceration, Plaintiff asked his girlfriend, Rashida Brown, to hold his car for him for the duration of his imprisonment.

    C.    On August 18, 1994, Ms. Brown rented a space at the storage facility in order to store the allegedly stolen car.

    D.    Plaintiff alleges that Mr. Irvin B. Pierce, Assistant Manager for Public Storage, told him in a phone conversation that Ms. Brown needed a Power of Attorney in order to store the car in the facility.

    E.    On February 26, 1995, Virginia Council sold the car to Northeast Auto Imports for $5,000.

4

    F.    Plaintiff filed the complaint on October 21, 1996, in which he named as Defendants Rashida Brown, Virginia Council, Steve Hallet, Esq., Rodney Thompson, Esq., Marion Jefferson, Sec., Public Storage, Inc., Joe Duddy, Irvin B. Pierce, Northeast Auto Imports, Inc., and Randy Lebowitz. The Complaint alleges that each of these defendants had a role in the theft of Plaintiff's car and that some of the defendants (Brown, Hallett, Thompson, and Jefferson) were also involved in the theft of Plaintiff's money.

    G.    On July 8, 2009, an Order was entered denying Defendant's motion for summary judgment.

5.    STATEMENT OF DAMAGES CLAIMED:

Plaintiff makes no statement or stipulations as to damages.

Defendant makes no statement or stipulations as to damages.

6.    AMENDMENTS TO THE PLEADINGS:

Plaintiff does not seek any amendments to the pleadings.

Defendant does not seek any amendments to the pleadings.

7.    STATEMENT OF LEGAL ISSUES PRESENTED:

Plaintiff states that the following legal issue is presented in this case:

Defendants participated in the forgery of Plaintiff's signature on the Power of Attorney, thereby allowing Rashida Brown to withdraw funds from Plaintiff's bank account without Plaintiff's permission and sell Plaintiff's automobile.

Defendant states that the following legal issue is presented in this case:

Plaintiff participated in the legal execution of the Power of Attorney, thereby allowing Rashida Brown to be in control of Plaintiff's assets while serving a prison sentence of ten years.

8.  <u>LEGAL ISSUES OR DEFENSES TO BE ABANDONED</u>:

    None.

9.  <u>EXHIBITS</u>:

    a.  <u>Plaintiff's Exhibits</u>.  Plaintiff's exhibits have been filed on the docket as Document Numbers 144 and 148.

        1.  Power of Attorney
        2.  Bank Statements
        3.  Purchase Receipt for Car
        4.  Criminal Investigation Bureau, Economic Crimes Squad, Statement of Rashida J. Brown; Criminal Complaint dated May 23, 1996; Criminal Complaint dated May 23, 1996; Affidavit of Probable Cause; Rights Form; Letter from Mercer County Probation Department dated February 19, 1997; Letter from Mercer County Criminal Case Management dated June 13, 1996

    b.  <u>Defendant's Exhibits</u>.  Defendant's exhibits are attached to Defendant's proposed Joint Final Pretrial Order.

        1.  Power of Attorney
        2.  Northeast Imports check for $7,000 (stop payment check)
        3.  Northeast Imports check for $5,000 (check paid to Virginia Council)
        4.  Attorney Ethics Grievance filed by Ernest K. Wilkerson
        5.  Steve Hallett's answer to the Ethics Complaint filed by Ernest Wilkerson
        6.  Ernest Wilkerson's response to Mr. Hallett's response to the Ethics Complaint

10. <u>ADDITIONAL DISCOVERY</u>:

    The parties do not identify any additional discovery that is needed in this case.

6

11. <u>MOTIONS</u>:

There are no additional motions from either party in this case.

12. <u>WITNESSES</u>:

    a.   <u>Plaintiff's Fact Witnesses</u>

        Plaintiff intends to call himself as a witness with regard to liability and damages.

        Defendant has no objection to Plaintiff's witness.

    b.   <u>Plaintiff's Expert Witnesses</u>

        Plaintiff will not call any expert witnesses at trial.

    c.   <u>Defendant's Fact Witnesses</u>

        Defendant intends to call himself as a witness with regard to liability and damages. Defendant will testify that damages do not exist due to Plaintiff's signature on the Power of Attorney, which validated the legality of the Power of Attorney.

        Plaintiff has no objection to Defendant's witness.

    d.   <u>Defendant's Expert Witnesses</u>

        Defendant will not call any expert witnesses at trial.

13. <u>ESTIMATED LENGTH OF TRIAL AND TRIAL DATE</u>:

The estimated length of trial is one day. The parties will be notified by the Chambers of the Honorable Jerome B. Simandle of the date for commencement of trial.

Any inquiries regarding the exact status of this case on the trial list may be directed in writing to the Honorable Jerome B. Simandle, with a copy to his Courtroom Deputy (whose address is the same as Judge Simandle's) in the following manner:

```
               Honorable Jerome B. Simandle
               Mitchell H. Cohen United States Courthouse
               One John F. Gerry Plaza
               Fourth & Cooper Streets
               Camden, New Jersey  08101
```

All communications should bear the name of the case.

14. <u>PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>:

Due to Plaintiff's *pro se* status and the nature of the litigation, the Court hereby suspends the requirement for submission of proposed findings of fact and conclusions of law prior to trial.

15. <u>TRIAL BRIEFS</u>:

Trial briefs shall be submitted to Judge Simandle's Chambers at the above address, and served upon adverse parties **on or before the close of business seven (7) days before the trial date.**

16. <u>OTHER MATTERS</u>:

   a.   <u>Jury Demand</u>

Although Plaintiff requested a jury trial in his complaint, the parties agreed at the Final Pretrial Conference on October 1, 2009 that there shall be a non-jury trial in this matter.

17. <u>ATTENDANCE OF WITNESSES AT TRIAL</u>:

Each party is responsible for obtaining the appearance of its designated witnesses at trial. If a party requires witnesses for trial who are unwilling to appear unless they are produced by the other party or served with a trial subpoena, the following procedure shall be followed.

First, the party shall ask the opposing party whether such opposing party intends to produce a specific witness at trial and, if so, whether the opposing party would agree to make the witness available for their presentation at trial. If such an arrangement is acceptable, it shall be confirmed in writing by the parties, who will thereby agree to produce the specific witnesses.

Second, if the witness will not be made available by the opposing party, and if the witness is unwilling to appear at the party's request, then it will be necessary for the party to obtain the attendance of the witness by trial subpoena. If a party is unable to tender the witness fee and travel fee required by Rule 45(c) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1821 (b) and (c), then it will be necessary for the party to file a motion seeking the issuance of service of the subpoena without the tendering of such fees. Such a motion must be filed and served **not less than thirty (30) days before trial**. With respect to each such proposed witness, the party shall specifically certify by affidavit: (1) that the party has attempted to procure the trial witness' appearance voluntarily or through cooperation of defense counsel without success and that issuance of a trial subpoena is necessary; (2) that the attendance of the witness is necessary to a fair presentation of the party's case, as demonstrated by a statement giving the proposed testimony of the witness and its importance to the party's case; (3) the identification of the witness whose testimony is desired including full name and address (residence and usual place of business, if known); (4) if the proposed witness is incarcerated, the prisoner locator number if known, in addition to all the above information; and (5) in every case, the reasons why the party is unable to tender the necessary witness fee and travel expense, and whether the party is able to obtain the assistance of a person to serve the subpoena who is not a party and who is not less than 18 years of age. Upon such motion, duly filed and served, the court will determine whether the requested trial subpoena should be issued without prepayment of the fees and whether the party or the United States Marshal shall be responsible for making service.

                                        s/ Ann Marie Donio
                                        ANN MARIE DONIO
                                        United States Magistrate Judge

Dated: June 7, 2010

cc:   Honorable Jerome B. Simandle
      Marnie Maccariella, Courtroom Deputy
      Ernest K. Wilkerson
      Steve Hallett, Esq.