1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICIANGE
## HONORABLE JEROME B. SIMANDLE

| | | |
|---|---|---|
| Ernest K. Wilkerson | : | **August 27, 2009** |
| Plaintiff, | : | |
| | : | |
| **Vs.** | : | **(Non – Jury)** |
| | : | Civil No. 96-4920-JBS-AMD |
| Steve Hallett, Esq. | : | |
| Defendant, | : | |

## Joint Final Pretrial Order

The following shall constitute the final pretrial order prurient to Rule 16, Federal Rules of Civil Procedures. This final order shall govern the conduct of the trial of this case. Amendments to this order will be allowed only in exceptional circumstances to prevent manifest injustice. See Fed. R. Civ. P. 16(e) Counsel is urged to move to amend in a timely fashion and portion of the order that must change or modified between the filing of the order and the trial date.

## Appearances:

Ernest Wilkerson, Plaintiff, Pro Se
Steve Hallett, Esq., Defendant, Pro Se

## Part I.      Jurisdiction and Brief Summary of the Case

(1).   **Plaintiff** Ernest Wilkerson alleges that while serving a 10
year sentence in federal prison, that his girlfriend was
given a fraudulent Power of Attorney from Steve Hallett,
Esq. without his express consent.  Ernest Wilkerson
states that as a result of the fraudulent Power of Attorney
that his girlfriend, Rashida Brown, sold his corvette (car)
and withdrew more than $600 from his bank account.
Mr. Wilkerson further states that he suffered damages
based on the fraudulent Power of Attorney allegedly
created by Steve Hallett, Esq.

**Defendant** Steve Hallett, Esq. states that his defenses to
the allege wrong doing claimed by Ernest Wilkerson are
as follows;

      (a).   Ernest Wilkerson was a client of
Steve Hallett, Esq.,

      (b).   Ernest Wilkerson spoke to Steve
Hallett, Esq. via telephone as it was
recalled and received a request from
Mr. Wilkerson to execute a Power of
Attorney granting his girlfriend,
Rashida Brown full power of attorney
to handle his affairs.

      (c).   Steve Hallett went to the prison to
consult and witness the signing of his

signature and the granting of Full
Power of Attorney in the name of
Rashida Brown for the purpose of
handling Mr. Wilkerson's affairs,
mainly connected to his corvette and
any other decisions that she deemed
necessary.

(d).   The defense for Steve Hallett, Esq., is
the fact that Ernest Wilkerson
requested the Power of Attorney and
placed it in Rashida Browns name,
signed it in my presence, making the
document legally binding.

**Part II.    Stipulated Facts** (None)

**Part III.**    Plaintiff intends to prove the following contested facts with
regard to liability.

### Stipulated Facts and Contested Facts

#### Uncontested

(1).   On August 4, 1986, Ernest Wilkerson purchased a
Chevrolet Corvette Convertible
(VIN # 1G14Y6787G590746)
It is however contested what  Ernest Wilkerson paid at
least $31,000 for the vehicle.

**Uncontested**

(2).   Wilkerson was incarcerated in 1994 and released on July 26, 2008.  Upon his incarceration, Wilkerson asked his girlfriend, Rashida Brown, to hold his car for him for the duration of his imprisonment.

**Contested**

(3).   On August 14, 1994, Brown took the title to the car by forging alteration to the certificate of title papers to reflect the sale from Wilkerson to herself for $1000. Wilkerson never agreed to the sale nor received any money from the forged sale.
Wilkerson requested that I, Steve Hallett, Esq. come to the jail to witness his Power of Attorney signature, allowing his girlfriend to exercise Full Power of Attorney.

**Uncontested**

(4).   On August 18, 1994, Wilkerson's girlfriend, Ms. Brown, rented a space at the storage facility in order to store the stolen car.

**Uncontested**

Plaintiff alleges that Mr. Irvin Pierce, Assistant Manager for Public Storage, told him in a phone conversation that Brown needs a Power of Attorney (POA) order to store a car in his facility.

**Contested**

(5).   Brown sought a POA and approached the defendant, Steve Hallett, Esq., for assistant.  On September 26, 1984, Steve Hallett, Esq, prepared a POA for Brown; witnessed by Mr. Hallett's secretary, Marion Jefferson.

**Contested**

The Power of Attorney was requested on the behalf of Ernest Wilkerson to his girlfriend, Brown, of whom Steve Hallett did not know.

**Contested**

(6).   A reasonable inference can be made that the signature of Ernest Wilkerson appears on the POA forged, since Wilkerson was in jail at the time the POA was created and it is alleged that Hallett did not go to the prison to witness Wilkerson signature.

**Contested**

POA's are executed in the jails of New Jersey often by attorneys who witness the POA signatures.

6

**Contested**

(7). Brown used the POA in two distinct ways. First, she used the POA to enable her to store the car, reflected by the POA on September 29, 1994. Second, Brown used the POA on September 29, 1994 in order to withdrawal $681.22 from Wilkerson's bank account. The withdrawal was made against Wilkerson's wishes and without his permission.

**Contested**

There was a full Power of Attorney by Wilkerson to his girlfriend.

**Contested**

(8). On October 30, 1999, Brown transferred the vehicle into her mother's name (Virginia Council).

**Uncontested**

(9). On February 26, 1995, Council sold the car to Northeast Auto Imports for $5000.00.

**Uncontested**

(10).

**Contested**

(11). No knowledge of dismissals.

**Uncontested**

(12).

## Part IV.   Witness and Summary by Testimony

(1).   Defendant intends to prove the following contested facts
with regard to liability.  There was a legal POA requested by
Ernest K. Wilkerson.  The Plaintiff requested a full Power of
Attorney be given to Rashida Brown.

(2).   Defendant intends to prove the following contested facts with
regard to damages.  There were no exact damages or values
placed on the vehicle by any expert or car dealers which would
support the Wilkerson's claim that his corvette was worth
$31,000. The supporting documentation submitted by Plaintiff
shows that the car was sold for a lesser amount.

## Part V.   Witnesses and Summary of Testimony

A.    Plaintiffs' witness and summary of their testimony

1. Plaintiff intends to call the following witnesses with
regard to liability and anticipates they will testify as
follows:

### Ernest Wilkerson

B.    On behalf of defendant there will be no objection to the
witness Ernest Wilkerson.

C.    Defendants witnesses and Summary of their testimony

1. Defendant shall call the following witness to testify
   with regard to liability and anticipates they will testify
   as follows:

   **Steve Hallett, Esq.**

2. As to damages, defendant calls Steve Hallett, Esq.
   to testify as follows.  That the damages do not exist
   due to the signing of Ernest Wilkerson's signature,
   which validated the legality of the POA.

## Part VI.   Expert Witness

1. No expert witnesses testimony or reports by plaintiff or
   defendant

2. none

3. none

4. none

5. none

# Part VII. Exhibits

    A.    Plaintiff Ex.

        **Ex. 1** – POA

        **Ex. 2** – Bank Statements

        **Ex. 3** – Purchase receipt for car

        Ex. 4 –

    B.    Defendant Ex.

        **Ex. 1** – POA

        **Ex. 2** – Northeast Imports check for $7,000 (stop payment check)

        **Ex. 3** – Northeast Imports check for $5,000 (check paid to Virginia Council)

        **Ex. 4** – Attorney Ethics Grievance filed by Ernest K. Wilkerson

        **Ex. 5** – Steve Hallett's answer to the Ethics Compliant filed by Ernest Wilkerson

        **Ex. 6** – Ernest Wilkerson's response to Mr. Hallett's response to his ethics complaint

# Part VIII. Law

    A.    Defendant's statement of the legal issues in this case

        1. The plaintiff participated in the legal execution of the POA, hereby allowing Rashida Brown to be in control of Ernest Wilkerson's assets while serving a prison sentence of 10 years.

10

B.     Plaintiff statement of the legal issues in this case

1. The plaintiff participated in the legal execution of the
   POA, thereby allowing Rashida Brown to be in
   control of Ernest K. Wilkerson's assets while serving
   a federal prison sentence of 10 years.

**Part IX.**   There are no additional stipulations or motions from either
counsel in this case.

**Part X.**   Both the Plaintiff and Defendant agree to a non – jury trial.

# Concluding certification

We hereby certify by the affixing of our signature to the Final
Pretrial Order that it reflects the efforts of all counsel and that
We have carefully reviewed all parts of this order prior to its
submission to the court.  Further; it is acknowledged that
amendments  to this Joint Final Pretrial Order will not be
permitted except where the court determines that manifest
would result if the amendments is not allowed.

**Attorney(s) for Plaintiff**                    **Attorney(s) for Defendant**

_____                    _____
**Ernest K. Wilkerson**                          Steve Hallett, Esq.

_____                    _____
**Date**                                         **Date**

**Entry for the forgoing Joint Pre Trial Order is hereby approved**

_____ **This Day**_____ **2009.**


cc:    **Judge Jerome B. Simandle**
       **Judge Anne Marie Donio**
       **Ernest K. Wilkerson**

09/10/2009  16:02    6093948103                    HALLETT ESQ                                    PAGE  13/29

~~POWER OF ATTORNEY~~

~~This Power of Attorney is made on the 16th day of September , 1994.~~

BETWEEN: the Principal, ERNEST K. WILKERSON , whose address is,230 EUCLID AVE., TRENTON, NEW JERSEY  08609 individually referred to as "I" or "My",

AND: the Agent , RASHIDA J. BROWN whose address is 509 FARRAGUT AVE., TRENTON, NEW JERSEY  08618 referred to as "You".

GRANT OF AUTHORITY. I appoint You to act as my Agent (called an attorney in fact) to do each and every act which I could personally do for the following uses and purposes:

To ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, accounts, legacies, bequests, interests, dividends, annuities and demands whatsoever as are now, or shall hereafter become due, owing or payable or belonging to me, and have, use and take all lawful ways and means in my name or otherwise for the recovery thereof, by attachments, arrests, distress or otherwise, and to compromise and agree for the same, and acquittances, or other sufficient discharges for the same, for me, and in my name to make, seal and deliver; to bargain, contract, agree for, purchase, receive, and take lands, tenements and hereditaments and accept the seizing and possession of all lands and all deeds or other assurances, in the law therefor, and to lease, let, demise, bargain, sell remise, release, convey, mortgage and hypothecate lands, tenements and hereditaments, upon such terms and conditions, and under such covenants as he shall see fit. Also, to bargain and agree for, buy, sell, mortgage, hypothecate and in any and every way and manner deal in and with goods, wares, merchandise, chooses in action and other property in possession or in action, and to make, do, and transact all and every kind of business of what nature or kind soever, and also for me and in my name, and as my act and deed, to sign, seal, execute, deliver and acknowledge such deeds, leases and assignments of leases, covenants, indentures, agreements, mortgages, hypothecations, bottomries, charter-parties, bills of lading, bails, business bank withdrawals, personal bank withdrawals,  bills, bonds, notes, receipts, evidences of debts, releases and satisfaction of mortgage, judgments and other debts, and such other instruments as may be necessary or proper as regarding my affairs.

Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done regarding my affairs, as fully to all intents and purposes as we might or could do if personally present, with full power of substitution or revocation, hereby ratifying and confirming all that my said attorney, or his substitute or substitutes, shall lawfully do or cause to be done by virtue of these presents.

SEP 2 8 1994

~~WITNESS MY HAND the 26th day of September, 1994.~~

Ernest K Wilkerson
**ERNEST K. WILKERSON**

9/26/94    ~~WITNESSED BY~~
~~Date~~                          *[signature]*

## DISABILITY

This Power of Attorney is effective now and remains in effect if I become disabled
pursuant to N.J.S. 46:2b-8b.

Ernest K Wilkerson
**ERNEST K. WILKERSON**

9/26/94                          *[signature]*
~~Date~~                          ~~Witness~~

STATE OF NEW JERSEY      :
                         : SS
COUNTY OF MERCER         :

~~CERTIFY that on September 26, 1994,~~

ERNEST K. WILKERSON  personally came before me and acknowledged under
oath, to my satisfaction, that this person( or if more than one, each person):

      (a)  is named in and personally signed this document; and
      (b)  signed, sealed and delivered this document as his and her

act and deed.

*[signature]*
**STEVE HALLETT, ESQUIRE**
~~ATTORNEY AT LAW~~
~~Suite 1~~
~~830 West State Street~~        SEP 2 8 1994
~~Trenton, New Jersey 08618~~



Virginia Cresti

3185143159

1694431

Ex 3

NORTHEAST AUTO IMPORTER, INC.

No. 002906

PAY — Jeus Hannibil Colisan

Wayne R. Grial

1986 Chevy Corvette
# 102246
11,500

NORTHEAST AUTO IMPORTERS, INC. — FEASTERVILLE, PA. 19047

DETACH BEFORE DEPOSITING

NON-NEGOTIABLE

DETACHING CHECK IS PAYMENT IN FULL IF ACCOUNT SHOWN ABOVE IF INCORRECT RETURN WITHOUT ALTERATION

Ex 4

To:  Mr Alan G. Frank Jr. Esquire, Secretary
District VII Ethics Committee
691 Route 33
Trenton, New Jersey 08619-4407

From:  Ernest K. Wilkerson
1307 Scenic Dr.
Ewing, NJ 08628

### Re:  Grievance Against Steve Hallett, Esquire
### Docket No: VII-08-36E

Dear Mr. Frank Jr. Esq.

Enclosed you will find a new order from the U.S. District Judge Jerome B
Simandle, reopening my federal case against Steve Hallett Esq. Also I ws
ordered to appear on November 18, 2008 at 11:00am for a status conference
before the Honorable Ann M. Donio U.S. Magistrate Judge.

All other defendants in my case were dismissed except for Mr. Steve Hallett.
The case will go forward only against Mr. Steve Hallett. Ordered by the U.S.
District Judge.

Mr. Frank Jr. Esq. I would like you to add this order to my Grievance
against Mr. Steve Hallett and to your preliminary investigation.  Sir I would
like to thank you for your time in this matter and I will await your response
to this investigation.

Thank You,

Ernest K. Wilkerson
Ernest K. Wilkerson

CC:  Robert Panzer Esq.
Szaferman, Lakind
Suite 104
101 Grovers Mill Road
Lawrenceville, New Jersey 08648

E & S

# Steve Hallett Esq.

Licensed in PA and NJ

**909 West State Street**
**Trenton, NJ 08618**
**Ph. 609-394-8101**
**Fax.609-394-8103**

September 10, 2009

To:   SUPREME COURT OF NEW JERSEY
      DISTRICT ETHICS COMMITTEE

      Alan G. Frank, Jr., Esq. Secretary
      District VII Ethics Committee
      691 Route 33
      Trenton, New Jersey 08619

Re:   Complaint of Ernest Wilkerson

Dear Sir,

   I have received your Disciplinary Packet and I apologize for the delay in returning my answer. The delay was due to my vacation that started in August through the first week of September.

   Upon returning to the office, myself and my secretary (also my fiancé) were sorting the mail and of course discovered the Disciplinary Packet. I then search for my proofs regarding this matter, and the file in question was placed in storage quite some time ago. And since that time there was a fire where my legal files were stored.

The Power of Attorney signed by the complainant took place in September 1994. No Ethics complaint was filed until recently. I am only required to keep records for ten years, thus; fourteen has gone by. I only have memory knowledge of this incident.


Thank you for your prompt and careful consideration of this matter.


Steve Hallett, Esq.

The only answers that can be supplied are strictly from memory. I have read the file and do remember visiting the complainant at Mercer County Correctional facility. I visited a couple of times, and we discussed his Federal Case and his request for a Power of Attorney to be drawn.

On one of those occasions, we discussed the difference between a Limited Power of Attorney and a Full Power of Attorney. It was explained to him that a Limited Power of Attorney is given to a person to provide specific duties as outlined in the document. Further, it was explained to him that a Full Power of Attorney is given to an appointed person and would allow that person to perform in all legal matters as if standing in the complainants' shoes.

As I remember, he requested the Full Power of Attorney due to the fact he was incarcerated at the Mercer County Correctional Center, awaiting Federal Transfer. He explained to me that he wanted his girlfriend or his "wife – to – be" to be named as the Appointee, to handle all his affairs while he was servicing his Federal sentence.

On September 26, 1994, the Power of Attorney was signed by Ernest K. Wilkerson and when I returned to my office my secretary was asked to sign it, even though later I learned her signature was not needed to make the document legal. The information stated in this paragraph was recalled based on the Will information included in the Disciplinary Packet.

I have represented the complainant on other matters such as traffic violations in municipal court. As I recall, Mr. Wilkerson put his trust in his girlfriend hands to handle his affairs. I did only that which was requested by the complainant, which was to draw up the legal document.

I, Steve Hallett, Esq., never received anything from the Power of Attorney. I was not consulted by anyone about the purchase, sale or storage of any items. And I knew nothing about any vehicle being transferred in the Appointee's mother's name.



From: Mr. Ernest K. Wilkerson                              October 28, 2008

To: Supreme Court of New Jersey District Ethics Committee

Alan G. Frank, Jr. Esp Secretary

District VII Ethics Committee

691 Route 33

Trenton, New Jersey 08619

Re: Grievance against Steve Hallett, Esquire

Dear Sir:

I have received a copy of Mr. Steve Hallett response to my complaint against him. Well Sir I am not satisfied at all and I would like you to pursue this grievance against Steve Hallett to the fullest. Because as you read this U.S. District Judge Jerome B. Simandle opinion dated June 22, 1998. You will see I was granted summary judgment against Steve Hallett. Far as Mr. Hallett coming to see me at Mercer County Correctional Facility. That is not true at all. One I was never in the Mercer County Correctional Facility. I was held in the Union County Facility and he never visited me at all. See exhibit attach District Judge Opinion on page 4 and 9. Also far as a power of Attorney I never seen or sign one because Mr. Steve Hallett never came to see me. And in the district judges opinion you will see on page 4 Mr. Steve Hallett prepared the power of attorney on September 26, 1994 with Ms. Rashida Brown and his secretary, Ms. Marion Jefferson. And in the judges opinion it is clear that my name was forged in front of Mr. Steve Hallett because I was incarcerated on September 26, 1994 and I did not have any visit from Mr. Hallett, Ms. Brown, or Ms. Jefferson. So all what Mr. Steve Hallett Esq is saying is not true at all. And Mr. Frank Sir I would like your office to continue my grievance complaint against Mr. Hallett to the fullest. Thank you for this time in this matter Sir,

                                                      Very truly yours

C.C.: Steve Hallett, Esq

909 West State Street                                 x Ernest K. Wilkerson

Trenton, N.J. 08618

```
ART400S1                                                         B3
                              TITLE INFORMATION REQUEST/DISPLAY
  VIN: 1G1YY 6787G 59072 46       TITLE INFORMATION               DATE: 03/10,
  VEHICLE TYPE:    CON         VIN PREFIX:
       YEAR:       86          GVW/PASS/LENGTH:          VIN SUFFIX:
       MAKE:       CHE         AXLES/BOAT PROPUL:        00007
       MODEL:      COR         COLOR/BOAT MATERIAL: RD        Exhibit
       FUEL:       0           FLOOD VEHICLE (Y,N): N
       STATUS:                 POLICE/TAXI (P,T,B):           3
       LEMON:                  VIN REPLACEMENT NO:
  TITLE ISSUE DATE:
       MILEAGE:           11 21 86
       NO OF DUPLICATES:  000103     TITLE TYPE:
       NO OF LIENHOLDRS:  00         MILEAGE STATUS         STANDARD
  STOP CODE: 0                       NO OF OWNERS:      A  ACTUAL MILEAGE
  LEASED VEHICLE:  N                 INITIAL TRAN REF NO: QP8632500000102
                                     PLATE NO:            BKT346
  -----------------------------------------------------------------
  PF2-HARDCOPY
  PF6-SALE INFO                           PF3-END
                      PF9-LEASE INFO                  PF11-CANCEL         PF5-OWNERS/LIE
                                                                         PF12-MAIN MENU

  ART400S2
                              TITLE INFORMATION REQUEST/DISPLAY
                              OWNER/LIENHOLDER INFORMATION
  VIN: 1G1YY 6787G 59072 46
  RELATION: O       ADD DATE: 11 21 86      VIN PREFIX
  AUTOFIC: W4342 23472 08642              SFD DT
  STREET:  230 EUCLID AVE                 NAME:    ERNEST     WILKERSON
  RELATION: L       ADD DATE: 11 21 86     CITY     TRENTON            STATE NJ
  AUTOFIC: 40000 00000 79361              SFD DT
  STREET:  PO BOX 1994                    NAME:
  RELATION:         ADD DATE:              CITY            HANOVER        STATE NJ
  AUTOFIC:                                SFD DT
  STREET:                                 NAME:
  (RELATIONS: O-OWNER, C-CO-OWNER, L-LIENHOLDER,                STATE
  -----------------------------------------------------------------
  PF2-HARDCOPY
  PF6-SALE INFO   PF9-LEASE INFO   PF3-END   PF4-TITLE INFO
                                             PF11-CANCEL        MORE OWNERS/LIEN
                                                                MAIN MENU

  ART400S3
                              TITLE INFORMATION REQUEST/DISPLAY
                              SALE INFORMATION                   DATE: 03/10/98
  VIN: 1G1YY 6787G 59072 46            VIN PREFIX
  TYPE OF SALE: D                      DEALER SALE              VIN SUFFIX
  DATE OF SALE:            11 21 86
  DEALER ID NUMBER:       044060
  SALES TAX EXEMPTION CD:
  GROSS SALES PRICE:      0
  NET SALES PRICE:        31120.00
  SALES TAX PAID:         31120.00
                          1867.20
  -----------------------------------------------------------------
  PF2-HARDCOPY
  PF5-OWNERS/LIENS
                                     PF3-END
                                     PF11-CANCEL            PF4-TITLE INFO
                                                            PF12-MAIN MENU
```

Ernest K. Wilkerson
Reg#11946-050   Unit 2-B
FCI Schuylkill
P.O. Box 759
Minersville, PA. 17954-0759

Hon. Jerome B. Simandle
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
Fourth And Cooper Street
Camden, New Jersey 08101

                    In RE: Wilkerson v. Rashida Brown, et. al.
                           Civil No. 96-4920 (JBS)
                           May 11, 1998

Dear Hon. Judge Simandle:

    Please be advised that on September 23, 1997 there was a telephone conference
conducted by the Honorable Judge Kugler and the defendants in this civil action
and myself the plaintiff.  In addition, the Honorable Kugler requested the plain-
tiff to fact-find some proof of how much the plaintiff paid for his 1986 Che-
verolet Convertible Corvette.

    Although, the plaintiff try to contact the dealership where he purchased
the said vehicle above from Tombin Cheverolet; located in Trenton, New Jersey.
However, they are know longer in business.  Indeed, the plaintiff also try to
contact GMAC Finance Department who finance the vehicle for the plaintiff.

    Unfortunately, they are unable to provide plaintiff with a copy of the
contracts pertaining to this matter. [see exhibit "A"].

    Moreover, the plaintiff tryed the motor vehicle services and requested a
lien search.  Because the plaintiff was advised that he could ascertain the ve-
hicle's value by the amount of excise and/or sales taxes paid on it.

    On the basis of this letter and your Honorable Judge Simandle the plaintiff
just recently received that information that the Honorable Judge Kugler requested
from the plaintiff.  And the true value that the plaintiff paid for his 1986
Cheverolet Convertible Corvette, hence it is high lighted in yellow. Please examine
exhibit "B1" and "B2" attach.  Plaintiff would like to add these as new exhibit
for the civil case.

    Finally, in "exhibit B2" the plaintiff asserts that he presented $9,800.00
down on his corvette to compel the gross sales price of $31,120.00, the plaintiff
submits that his payments was $685.00 x 60 months with a 16% annual percentage
rate, consistent of the total amount finance was $41,100.00.  In fact, the plaintiff
purchased the vehicle for $50,900.00

    In conclusion, the plaintiff thank you for your consideration and patience
of the above matter.

NAME _Daniel Harris_ TITLE _Case Manager_        Very truly yours,
AUTHORIZED BY THE ACT OF JULY 7, 1955 TO
ADMINISTER OATHS (18 USC 4004).                  Ernest Keith Wilkerson
                                                 Ernest K. Wilkerson



# GENERAL MOTORS ACCEPTANCE CORPORATION

P.O. Box 971 Horsham PA 19044

1-800-200-4622

BRANCHES THROUGHOUT
THE WORLD

EXECUTIVE OFFICES
DETROIT

May 1, 1998

Mr. Ernest Keith Wilkerson
P. O. Box 759
Reg #11946-05- Unit 2-B
Minersville, Pa.  17954-0759

RE:  1986 Chevrolet

Dear Mr. Wilkerson:

We are unable to provide you with the information requested, as we are only required to
retain paid-in-full documents for three years.

Sincerely,

*[signature]*

Credit Administrator

LTTR.LLD

B1

(SA/52-31 (78/98)

co. No

  

**DEPARTMENT OF TRANSPORTATION**

**DIVISION OF MOTOR VEHICLES**

TO WHOM IT MAY CONCERN:

I, C. Richard Kamin, Director of the Division of Motor Vehicles of the State of New Jersey, do hereby certify that the annexed is a true abstract of the ownership records of the Division of Motor Vehicles for the vehicle indicated.

1986 CHEV 1G1YY6787G5907246



IN TESTIMONY WHEREOF: I have hereunto set my hand and affixed my official seal at Trenton this 10th day of March 1998.



C. Richard Kamin
DIRECTOR OF MOTOR VEHICLES

BY:

Robert Damiani, Manager

09/10/2009  16:02    6093948103                    HALLETT ESQ                         PAGE  27/29

CITY OF TRENTON     EMPLOYERS CREDIT UNION

CHECK NO.

20073

PAYEE: RASHIDA J. BROWN
DATE:  09/29/94
CHECK AMOUNT:        681.22
ACCOUNT: 1585   WILKERSON, ERNEST KEITH

*Exhibit 2*

— CLOSE ACCT — POWER OF ATTY ON FILE —



**CITY OF TRENTON**
EMPLOYEES CREDIT UNION
319 EAST STATE STREET
TRENTON, NJ  08608

CORESTATES
NEW JERSEY NATIONAL BANK  51
55-73/312

2 0 0

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 09/29/94 | 20073 | *****681.22 |

SIX HUNDRED EIGHTY-ONE DOLLARS AND 22 CENTS***

PAY
TO THE
ORDER OF   RASHIDA J. BROWN

AUTHORIZED SIGNATURE(S)

⑈020073⑈ ⑆031200730⑆ 0113165 1⑈

_Exhibits_

## POWER OF ATTORNEY

Exhibit 1

This Power of Attorney is made on the _28th_ day of _September_ , 1994.

BETWEEN: the Principal, ERNEST K. WILKERSON , whose address is 230 EUCLID AVE., TRENTON, NEW JERSEY 08609 individually referred to as "I" or "My".

AND: the Agent , RASHIDA J. BROWN whose address is 509 FARRAGUT AVE., TRENTON, NEW JERSEY 08618 referred to as "You".

GRANT OF AUTHORITY. I appoint You to act as my Agent (called an attorney in fact) to do each and every act which I could personally do for the following uses and purposes:

To ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, accounts, legacies, bequests, interests, dividends, annuities and demands whatsoever as are now, or shall hereafter become due, owing or payable or belonging to me, and have, use and take all lawful ways and means in my name or otherwise for the recovery thereof, by attachments, arrests, distress or otherwise, and to compromise and agree for the same, and acquittances, or other sufficient discharges for the same, for me, and in my name to make, seal and deliver; to bargain, contract, agree for, purchase, receive, and take lands, tenements and hereditaments and accept the seizing and possession of all lands and all deeds or other assurances, in the law therefor, and to lease, let, demise, bargain, sell remise, release, convey, mortgage and hypothecate lands, tenements and hereditaments, upon such terms and conditions, and under such covenants as he shall see fit.  Also, to bargain and agree for, buy, sell, mortgage, hypothecate and in any and every way and manner deal in and with goods, wares, merchandise, chooses in action and other property in possession or in action, and to make, do, and transact all and every kind of business of what nature or kind soever, and also for me and in my name, and as my act and deed, to sign, seal, execute, deliver and acknowledge such deeds, leases and assignments of leases, covenants, indentures, agreements, mortgages, hypothecations, bottomries, charter-parties, bills of lading, bails, business bank withdrawals, personal bank withdrawals, bills, bonds, notes, receipts, evidences of debts, releases and satisfaction of mortgage, judgments and other debts, and such other instruments as may be necessary or proper as regarding my affairs.

Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done regarding my affairs, as fully to all intents and purposes as we might or could do if personally present, with full power of substitution or revocation, hereby ratifying and confirming all that my said attorney, or his substitute or substitutes, shall lawfully do or cause to be done by virtue of these presents.

Exhibit D

SEP 2 8 1994

WITNESS MY HAND this 26ᵗʰ day of September, 1994.

*Ernest K Wilkerson*
ERNEST K. WILKERSON

9/26/94
Date          WITNESSED BY: *Maury Jefferson*

### DISABILITY

This Power of Attorney is effective now and remains in effect if I become disabled pursuant to N.J.S. 46:2b-8b.

*Ernest K Wilkerson*
ERNEST K. WILKERSON

9/26/94
Date

*Maury Jefferson*
Witness

STATE OF NEW JERSEY      :
                         : SS
COUNTY OF MERCER         :

I CERTIFY that on Sept. 26 , 1994,

ERNEST K. WILKERSON personally came before me and acknowledged under oath, to my satisfaction, that this person( or if more than one, each person):

    (a) is named in and personally signed this document; and
    (b) signed, sealed and delivered this document as his and her

act and deed.

*Steve Hallett Esq.*
STEVE HALLETT, ESQUIRE
ATTORNEY AT LAW
Suite 1
539 West State Street
Trenton, New Jersey 08618

SEP 2 8 1994

09/10/2009  16:02    6093948103                 HALLETT  ESQ                        PAGE   01/29

STEVE HALLETT ESQ.
909 West State Street
Trenton NJ, 08618
Phone 609-394-8101
Fax 609-394-8103

*Licensed in Pennsylvania and New Jersey*

# FAX

| To: | **US District Court** | From: | **Steve Hallett, Esq.** |
|---|---|---|---|
| Fax: | 856-757-5296 | Pages: | 29 |
| Phone: | 856-757-5211 | Date: | September |
| Attn:: | Judge Anne Marie Donio | Re: | Final Pretrial |

Comments: